**SO ORDERED.**

**SIGNED this 13th day of April, 2021.**



Mitchell L. Herren
United States Bankruptcy Judge

---

**DESIGNATED FOR ONLINE PUBLICATION**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| IN RE:<br><br>**CARLITA LASHAY SIMPSON,**<br><br>Debtor. | Case No. 20-11577<br>Chapter 7 |

**ORDER GRANTING IN PART THE UNITED STATES TRUSTEE'S
MOTION TO DISMISS FOR CAUSE, IMPOSING FILING
<u>RESTRICTIONS, AND OTHER ORDERS</u>**

  The purpose of a Chapter 7 bankruptcy is to provide an "honest, but unfortunate" debtor the means to discharge her debts and obtain a fresh start. In exchange for that relief, the debtor must satisfy her duties as a debtor under the Bankruptcy Code and cooperate with the trustee, which includes appearing for examination under oath at the § 341 meeting of creditors. While filing for bankruptcy triggers the protection of the automatic stay, that protection is not

1

intended as a perpetual or indefinite haven. Nor is it a substitute for obtaining a discharge of debts. In general, the automatic stay continues until the earliest of closing the case, dismissing the case, or granting or denying a discharge.[1]

Pro se debtor Carlita Simpson has filed four no-asset Chapter 7 bankruptcy cases since 2016, the last three of which she filed over an eighteen-month span between July 12, 2019 and December 30, 2020, the filing of the current case. All four cases exhibit a common pattern. After filing, Simpson failed to perform her duties as a debtor, appear for examination at the § 341 meeting of creditors, and otherwise complete her case. The last three cases appear to have been filed to stop garnishments. The Court dismissed the prior cases on the case trustee's motion and for cause, including failure to comply with a court order to file missing schedules, and failure to appear multiple times for the § 341 meeting of creditors.

In the current case, Simpson failed to appear three times for the § 341 meeting of creditors, and the one rescheduled meeting for which she did appear, she failed to provide identification and her 2019 tax return as requested by the trustee. Those deficiencies were not corrected. The United States Trustee (UST) filed a motion to dismiss for cause under § 707(a), namely an abuse of the bankruptcy system, and in addition to dismissal of the case, requests a bar of future discharge of the debts in the current case under § 349(a), a 180-day bar to refiling under § 109(g)(1), and imposition of filing restrictions for two years after the 180-day bar has expired under § 105(a), 28 U.S.C. § 1651, and the Court's inherent powers. For

---

[1] 11 U.S.C. § 362(c)(2).

the reasons explained below, the UST's motion is GRANTED IN PART.[2]

Jurisdiction

A § 707(a) motion to dismiss for cause is a contested matter that arises under the Bankruptcy Code, Title 11 of the United States Code.[3] As such, the Court has subject matter jurisdiction under 28 U.S.C. § 1334 and § 157(b)(1) and (b)(2)(A) and the Amended Standing Order of Reference, D. Kan. S.O. 13-1 (June 24, 2013).[4]

Findings of Fact

The four Chapter 7 cases filed by debtor are summarized in the table below.

| Case No. | Date of Petition | Date of Dismissal | Reason for Dismissal | Other Deficiencies |
|---|---|---|---|---|
| 16-12151 | Oct. 28, 2016 | Jan. 25, 2017 | Failure to comply with court order to file all remaining schedules (debtor only filed the petition and creditor matrix) | Twice failed to appear for § 341 meeting of creditors |
| 19-11311 | July 12, 2019 | Sept. 13, 2019 | Unreasonable delay that is prejudicial to creditors by twice failing to appear at § 341 meeting of creditors | |
| 19-12354 | Dec. 9, 2019 | Mar. 25, 2020 | Failed three times to appear at § 341 meeting of creditors: | Failed to pay filing fee installment payments<br><br>Failed to comply with court order to file employee income records |

---

[2] An evidentiary hearing was held March 25, 2021. Exhibits 1-6 were admitted into evidence. Rick Kear appeared for the United States Trustee. Linda Parks, the Chapter 7 Trustee also appeared. Debtor Carlita Simpson failed to appear.
[3] *See* Fed. R. Bankr. P. 1017(f)(1) and 9014.
[4] Printed in United States District Court, District of Kansas, Rules of Practice and Procedure for District and Bankruptcy Court, Local Rules for the United States Bankruptcy Court for the District of Kansas, Preface, p. 12 (March 2018).

3

| | | | | |
|---|---|---|---|---|
| 20-11577<br><br>**Current case** | Dec. 30, 2020 | | | Failed to appear at § 341 meeting of creditors three times; at the one § 341 meeting debtor did appear (March 8), she failed to provide identification, proof of social security number, and 2019 tax return as requested by the trustee.<br><br>Inaccurate and internally inconsistent schedules and statement of financial affairs |

Simpson obtained a waiver of the filing fee in all of the cases but one. In that case, she failed to make the filing fee installment payments. In her last three cases (2019-2020) debtor cites garnishments in her applications as the reason for seeking a filing fee waiver and filing bankruptcy.[5] On Question 10 of her Statement of Financial Affairs (SOFA) in the current case, Simpson lists no creditor and denies any property was garnished within one year prior to filing bankruptcy.[6] According to Schedule I and debtor's declaration regarding pay advices, Simpson was unemployed on the date of the petition and the preceding sixty days, so it would not seem possible that her wages were being garnished on the date of the petition.[7] In

---

[5] No. 19-11311, doc. 6 (citing three garnishments); No. 19-12354, doc. 6 ("getting garnished"); and No. 20-11577, doc. 6 ("currently getting garnished").
[6] *See* SOFA, doc. 3, Quest. 10.
[7] Doc. 7.

4

the December 2019 case, Simpson claimed she was getting garnished, but failed to attach pay stubs from her employer, claimed no income from employment during 2019 and denied any garnishments during 2019 on the SOFA.[8] In the July 2019 case, Simpson's pay advices show her Textron wages were being garnished, but on the SOFA she reported no income from employment and disclosed no garnishments in the year prior to filing bankruptcy.[9] These internal inconsistencies lead the Court to question debtor's purpose in filing bankruptcy, if not for the garnishments. Still, the Court cannot discern from the debtor's bankruptcy schedules the identity of the creditor(s) allegedly garnishing the debtor or the amount of the debt.

There are other discrepancies. In the current petition, debtor lists her address on S. Gold Street and represents that she is renting her home. On her SOFA, debtor represents that she has not lived anywhere other than at the Gold address in the last three years, but that appears to be false. In the two prior 2019 cases, debtor listed her address as an apartment on E. Kellogg Drive. On Schedule J, Simpson lists no rent expense (but does pay utilities) and on Schedule G she lists no unexpired lease.

Debtor estimates that she owes 50-99 creditors with claims between $0-$50,000. She scheduled a total of four unsecured creditors in the amount of $6,756.36 on Schedule E/F, including Huntington Place Apartments for a debt that was incurred in 2013. On her creditor matrix, debtor does not list Huntington Place, but lists four additional creditors that are not listed on Schedule E/F, or any other

---

[8] No. 19-12354, doc. 4, 8, and 1, p. 42, quest. 4 and p. 45, quest. 10.
[9] No. 19-11311, doc. 5; doc. 1, p. 9, quest. 4 and p. 12, quest. 10.

5

schedules. Simpson scheduled no secured debt.

In the current case, Simpson scheduled no vehicle on Schedule A/B but claims monthly vehicle insurance of $60 on Schedule J. In the December 2019 case, Simpson again scheduled no vehicle on Schedule A/B, but listed a $330 monthly car payment on Schedule J.[10]

On Schedule I, debtor represented that she is unemployed and receives monthly unemployment compensation of $1,952.[11] On her application to waive the filing fee, debtor listed $1,000 average monthly net income, including governmental assistance of $200 for food stamps. Simpson did not disclose the food stamps on Schedule I.[12]

Apart from these deficiencies and internal inconsistencies in her schedules and SOFA, Simpson never appeared for examination at a § 341 meeting of creditors in her three prior cases. In this case, Simpsons failed to appear for the § 341 meeting of creditors on three occasions.[13] The § 341 meeting was initially set for January 25, 2021, and subsequently continued and rescheduled to February 9, 2021 and March 8, 2021, due to debtor's failure to appear. When she did appear on March 8 (after the UST filed its motion to dismiss), the debtor failed to provide identification, proof of her social security number, and her 2019 tax return, necessitating that the trustee continue the § 341 meeting to March 23, 2021, for

---

[10] *See* No. 19-12354, doc. 1, pp. 9, 36.
[11] *See* Schedule I, doc. 3, p. 47.
[12] *Cf.* Fee Waiver Application, doc. 6 and Schedule I, line 8f, doc. 3
[13] Due to the COVID pandemic, all § 341 meetings have been conducted telephonically since April 2020.

6

which Simpson failed to appear. As of the date of the hearing on this matter, the § 341 meeting had not been concluded and Simpson had not provided the information and documents requested by the trustee.

After the debtor missed the February 9 § 341 meeting, the UST filed a motion for dismissal of the case for cause—abuse of the bankruptcy system, and sought additional relief and certain filing restrictions.[14] The case trustee likewise filed her own motion to dismiss the case for debtor's failure to twice appear at the § 341 meeting, asserting unreasonable delay that is prejudicial to creditors under § 707(a)(1).[15] The debtor filed an objection to the motions on February 18, 2021, asserting that her missing the two "appointments" with the case trustee was not intentional.[16] Debtor claimed to be waiting on the trustee to call her, instead of calling in for the § 341 meeting. She also claimed that after a three-month layoff, she returned to work on December 14, 2020 and was working full time. Note that on the date of her petition, December 30, 2020, Simpson represented on the SOFA, her declaration regarding pay advices, and Schedule I that she was unemployed, none of which has been amended.[17] She pleaded for "one more chance" to appear at the rescheduled § 341 meeting and requested that the Court not dismiss her case.

Simpson in fact appeared at the rescheduled § 341 meeting on March 8, but it could not be concluded because she failed to provide to the trustee proper

---

[14] Doc. 15.
[15] *See* Doc. 17. The trustee's motion is set for a non-evidentiary hearing on April 8, 2021 on the regular Chapter 7 monthly motions docket.
[16] Doc. 19.
[17] *See* doc. 3, p. 9, question 4.

7

identification, verification of her social security number, and her 2019 tax return; it was continued to March 23 for the debtor to provide the requested information. Meanwhile, the UST's motion to dismiss was set for a non-evidentiary hearing on March 11, the Court's regular monthly motion docket. Simpson initially failed to appear when the UST's motion was called, but did join the conference call in progress midway through the hearing. She said she filed bankruptcy because she was being garnished. The Court continued the UST's motion for a one-hour evidentiary hearing on March 25, 2021, and directed the UST to give appropriate notice to Simpson of the filing restrictions that it was requesting the Court to impose as required by Tenth Circuit case authority.[18] The UST complied with the Court's direction, providing that notice to Simpson on March 12.[19] Simpson made no oral or written response to the proposed filing restrictions.

On March 25, Simpson failed to appear for the evidentiary hearing. Trustee Parks reported that she had had no further communication with the debtor since the March 8 meeting of creditors, that the debtor had not provided proof of identification nor the 2019 tax return, and that the Simpson failed to appear at the fourth, rescheduled § 341 meeting on March 23. The UST presented its evidence and argument and the motion to dismiss was deemed submitted. The trustee supported the UST's position. Having reviewed the motion and Simpson's objection, the exhibits, and the docket reports of each of Simpson's four Chapter 7 cases, the

---

[18] *See Tripati v. Beaman*, 878 F. 2d 351, 354 (10th Cir. 1989) (requiring notice and an opportunity to object to the proposed filing restrictions prior to their implementation).
[19] Doc. 22.

8

Court is now prepared to rule on the UST's motion to dismiss and the proposed filing restrictions on debtor.

Analysis

**A. Dismissal**

A bankruptcy debtor's duties in a bankruptcy case are detailed in 11 U.S.C. § 521(a)(1) and require the following to be filed on commencement of a case:

(A) a list of creditors; and
(B) unless the court orders otherwise—
- (i) a schedule of assets and liabilities;
- (ii) a schedule of current income and current expenditures;
- (iii) a statement of the debtor's financial affairs, and . . . a certificate . . . of the debtor that such notice [described in § 342(b)] was received and read by the debtor;
- (iv) copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor;
- (v) a statement of the amount of monthly net income, itemized to show how the amount is calculated; and
- (vi) a statement disclosing any reasonably anticipated increase in income or expenditures over the 12-month period following the date of the filing of the petition;

A debtor who fails to file all of the information required by § 521(a)(1) is subject to dismissal of her case.[20] The debtor's 2016 case was dismissed because she filed none of these schedules or statements with her petition and creditor matrix, nor after she was ordered to file the missing schedules and statements.[21]

Section 521(a)(3) requires the debtor to cooperate with the Chapter 7 trustee to enable the trustee to perform her duties. Section 343 provides that "[t]he debtor shall appear and submit to examination under oath at the meeting of creditors under

---

[20] *See* § 521(i).
[21] No. 16-12151, doc. 6, 19.

9

section 341(a) of this title." Creditors, the Chapter 7 trustee, and the UST may examine the debtor regarding her assets and liabilities, property of the estate, her bankruptcy schedules and SOFA, her income and expenses, and her tax returns. At least one week before the date first set for the § 341 meeting of creditors, the debtor must provide to the trustee a copy of her federal income tax return for the most recent tax year ending immediately before the commencement of the case as required by § 521(e)(2)(A)(i), or risk dismissal of her case under § 521(e)(2)(B). When requested by the Chapter 7 trustee or the UST, the debtor must provide documents establishing her identity such as a driver's license and social security number.[22]

All of the requirements recited above are standard operating procedure in a Chapter 7 bankruptcy and are necessary for the case to proceed and for the trustee to properly administer it. The tradeoff for debtor receiving a discharge of debts and protection from creditors while in bankruptcy provided by the automatic stay, is that the debtor must fulfill all her duties as a bankruptcy debtor, file complete, accurate, and truthful schedules and SOFA, and fully disclose all of her property, assets and liabilities, income and expenses, and the identity of creditors and the amounts they are owed. The effective functioning of the bankruptcy system is dependent upon the debtor complying with these obligations. The Court emphasizes to Simpson that dismissal of her bankruptcy case prior to the entry of a discharge means that none of the debts listed in the schedules are discharged; those debts remain after the case is dismissed and creditors are free to pursue their collection.

---

[22] *See* § 521(h)(1) and (2).

Section 707(a) authorizes a bankruptcy court, after notice and hearing, to dismiss a Chapter 7 case for "cause." Cause is not specifically defined in § 707(a). It includes these three illustrative, nonexclusive causes—

> (1) unreasonable delay by the debtor that is prejudicial to creditors;
> (2) nonpayment of any fees or charges required under chapter 123 of title 28; and
> (3) failure of the debtor . . . to file, within fifteen days or such additional time as the court may allow after the filing of the petition . . . the information required by paragraph (1) of section 521(a), but only on a motion by the United States trustee.[23]

Bankruptcy courts are left to determine on a case-by-case basis what constitutes sufficient cause for dismissal.[24] That determination is committed to the discretion of the bankruptcy court, considering the following factors: the best interest of both debtor and creditors, the trustee's consent or objection, potential to delay creditor payments, good or bad faith in seeking dismissal, and the possibility of payment priority becoming reordered outside of bankruptcy.[25] Another bankruptcy court described this analysis for determining cause:

> … the facts and circumstances leading up to the filing of the case to include the debtor's motive in filing the case, the purposes which will be achieved in the case, and whether the debtor's motive and purposes are consistent with the purpose of chapter 7, that is, to provide an honest debtor with a fresh start in exchange for the debtor's handing over to a trustee all of the debtor's non-exempt assets for liquidation for the benefit of the

---

[23] 11 U.S.C. § 707(a); *In re Asset Resolution Corp.,* 552 B.R. 856, 862-63 (Bankr. D. Kan. 2016) (three causes for dismissal are examples of cause, not exclusive causes).
[24] *See In re Asset Resolution Corp.,* 552 B.R. 856, 862-63 (determining "cause" turns on the totality of the circumstances.)*Wilk Auslander LLP v. Murray (In re Murray),* 900 F.3d 53, 58 (2d Cir. 2018); *Janvey v. Romero,* 883 F.3d 406, 411 (4th Cir. 2018).
[25] *In re Arenas,* 535 B.R. 845, 853 (10th Cir. BAP 2015) (citing *In re Isho,* Nos. UT-12-090, 11-30284, 2013 WL 1386208, at *3 (10th Cir. BAP April 5, 2013)).

11

debtor's creditors.[26]

At a minimum, the debtor's creditors cannot be prejudiced by a for-cause dismissal.[27] An abuse of the judicial process, prejudicial delay, and inability of the trustee to administer the case may be sufficient causes for dismissal.[28] As the bankruptcy court in *Asset Resolution Corp.* noted, "if judicial economy would be furthered with no substantial detriment to the debtor or creditors," the Court may dismiss a Chapter 7 case for cause.[29]

Simpson's plea for "one more chance" rings hollow. Having now filed four Chapter 7 cases, the debtor failed to appear for ten of eleven scheduled § 341 meetings of creditors. Even the lone § 341 meeting Simpson appeared for in this case could not be concluded because she provided no identification, nor her 2019 tax return as requested by the trustee and required by the Bankruptcy Code. Simpson then failed to appear for the continued § 341 meeting and follow up with production of the information. This alone is sufficient cause to dismiss this case based on the

---

[26] *In re Asset Resolution Corp.,* 552 B.R. 856, 862 (quoting *In re Bilzerian,* 258 B.R. 850, 857 (Bankr. M.D. Fla. 2001), *aff'd* 276 B.R. 285 (M.D. Fla. 2002), *aff'd sub nom. Bilzerian v. SEC,* 82 F. Appx. 213 (11th Cir. 2003).
[27] *In re Asset Resolution Corp.,* 552 B.R. 856, 863.
[28] *See In re Laine,* 383 B.R. 166, 173 (Bankr. D. Kan. 2008) (debtor filed bankruptcy to frustrate his ex-wife's effort to collect his debt under divorce court decree); *Arenas,* 535 B.R. 845 (debtors' violation of federal Controlled Substances Act by growing and dispensing marijuana warranted dismissal of Chapter 7 case for cause where it was impossible for the trustee to administer the estate without violating federal law); *In re Asset Resolution Corp.,* 552 B.R. 856, 863 (debtor's lack of good faith is a valid cause for dismissal); In *re Murray,* 900 F.3d 53, 60-61 (sua sponte dismissal of involuntary case for cause, as an inappropriate use of the Bankruptcy Code); *Janvey v. Romero,* 883 F.3d 406, 412-13 (recognizing bad faith may be cause for dismissal where petitioner abuses the provisions, purpose, or spirit of bankruptcy law, but finding no cause under the totality of the circumstances).
[29] *In re Asset Resolution Corp.,* 552 B.R. at 863 (quoting 6 Collier on Bankruptcy ¶ 707.03[2], at 707-18 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2016).

12

factors above. Without the debtor's cooperation, the trustee cannot determine if assets may exist for administration, and the debtor cannot complete the case.

The trustee consents to dismissal of the case. This is a no asset case, but creditors are indefinitely stayed from collection activity while the bankruptcy case is pending. They are not prejudiced by dismissal of the case, because there is little-to-no chance that they will receive a dividend in this no-asset case. A dismissal is in the creditors' interest; it frees creditors to return to garnishing debtor's wages or to otherwise pursue collection of their debt. "Payment priority" is a nonfactor in this case.

In addition, on the date of filing the last three cases debtor claims in her applications for a filing fee waiver that she is being garnished. But the property being garnished and the identity of the creditor is never disclosed on question 10 of the Statement of Financial Affairs in any of her cases. To the contrary, on the SOFA debtor consistently denies that she was garnished in the one-year period prior to filing.[30] The claim of garnishments is also inconsistent with Simpson's representation in the current case that she is unemployed.[31]

If those representations were true, the Court finds it highly unlikely that Simpson was being garnished, because this is a no asset case. Debtor lists total assets having a value of $785, consisting of "tVs, cell phone," "everyday clothes," and

---

[30] *See* No. 20-11577, doc. 3, p. 12, quest.10; No. 19-12354, doc.1, p. 45, quest.10; No 19-11311, doc.1, p. 12, quest.10.

[31] In the December 2019 case, Simpson represented on the SOFA that she had no income from employment during 2019 or 2018 and 2017. Yet she stated on Schedule I that she was employed by Textron for eight months during 2019. *See* No 19-12354, doc. 1, p. 42, quest.4; doc. 1, p. 33.

13

$20 cash.[32] She lists four unsecured claims totaling approximately $6,700 and four different creditors on the matrix (Lobel Financial, Evergy Utility Company, Kansas Gas Service, and a local collections attorney) with unknown claim amounts. Garnishment of wages is likely the only means by which creditors could collect her debts, though nothing in debtor's schedules or SOFA suggests those debts have been reduced to judgments through collection lawsuits.

Notwithstanding the questionable and inconsistent responses made under penalty of perjury in her bankruptcy papers, and taking debtor's claim at face value that she was filing bankruptcy to halt garnishments, she has effectively obtained a 90-120 day pause from all of her creditors in each case by virtue of the automatic stay, without fulfilling her duties as a Chapter 7 debtor, and apparently with no intent to complete her case.

It is not possible to definitively say why debtor's conduct over the course of these four filings has been so deficient. The Court can only speculate about whether there were extenuating circumstances since debtor failed to avail herself of numerous opportunities to explain her situation to the trustee and to the Court. However, based on the information available to the Court it is difficult to discern an objective of the debtor other than delaying or stopping garnishments. This constitutes an abuse of the bankruptcy system and prejudicial delay. The purpose of seeking Chapter 7 bankruptcy relief is to obtain a fresh start, not to live as a

---

[32] *See* doc. 3, pp.23-24, 29.

refugee inside bankruptcy indefinitely.³³ As noted in *Arenas,* bankruptcy relief is a privilege, not a right.³⁴ When a debtor in bankruptcy doesn't play by the rules and abuses the process and system, cause for dismissal exists. Simpson's bankruptcy case should be dismissed as an abuse of the bankruptcy system.

### B. Other Requested Relief

Where the debtor has engaged in serial filings that demonstrate the same pattern of behavior, a cavalier attitude toward her duties as a debtor, and inaccurate or inconsistent bankruptcy schedules and the SOFA, the Court may go beyond dismissal of the case. It may prevent discharge of certain debts in a future case under § 349(a). It may bar the filing of a new bankruptcy case for a period of 180 days under § 109(g)(1). And finally, it may impose certain restrictions on filing a future bankruptcy case under § 105(a) and 28 U.S.C. § 1651. The UST requests all of this relief in addition to dismissal of the case.

Simpson has filed four Chapter 7 no asset cases solely to obtain the benefit of the automatic stay and halt garnishments (without identifying the garnishing creditor and debt) but has completed none of them. The UST has requested under § 349(a) that the scheduled, dischargeable debts in this case

---

³³ *See In re Asset Resolution Corp.,* 552 B.R. 856, 863 (noting that there was no reason for debtor to remain in Chapter 7; debtor was using bankruptcy as a delay tactic and not pursuing the fundamental purpose of Chapter 7—liquidating assets for the benefit of creditors.). *See also, In re Mazzocone,* 183 B.R. 402, 412 (Bankr. E.D. Pa. 1995) (chapter 11 debtor should not be permitted to remain in bankruptcy simply to enjoy protections of automatic stay if debtor has no intent or ability to reorganize or liquidate or otherwise fulfill pertinent bankruptcy obligations), *aff'd* 200 B.R. 568 (E.D. Pa. 1996).
³⁴ 535 B.R. 845, 853, citing *United States v. Kras,* 409 U.S. 434, 446 (1973) (stating that there is no constitutional right to obtain a discharge of one's debts in bankruptcy).

15

be barred from discharge in a future case.[35] The Court, exercising its discretion, declines to impose such a bar at this time given the sparsity of Simpson's schedules.

In each of her four Chapter 7 cases, Simpson has repeatedly failed and refused to comply with orders of the Court, cooperate with the trustee, and perform her statutory duties as a debtor in bankruptcy, including failure to appear for examination under oath at a § 341 meeting of creditors on *ten* occasions. Under § 109(g)(1), debtor is barred from refiling a bankruptcy case for the next 180 days after dismissal of this case.[36]

Finally, the Court considers the UST's proposed filing restrictions upon expiration of the 180-day bar. The UST has given appropriate notice to debtor of the proposed filing restrictions with an opportunity to respond to them.[37] Debtor has chosen not to respond. I conclude that the filing restrictions are not an attempt to deny the debtor access to bankruptcy relief, but are intended to ensure that debtor uses bankruptcy for its intended purpose, to obtain a fresh start, and not as indefinite protection from creditor garnishments

---

[35] *See Hall v. Vance,* 887 F.2d 1041, 1045 (10th Cir. 1989) (requiring a showing of bad faith to dismiss a case with prejudice under § 349(a)); *In re Frieouf,* 938 F.2d 1099, 1105 (10th Cir. 1991)(pattern of evasion and prejudicial delay that prevented creditors from exercising their rights against debtor supported finding of bad faith).

[36] Due to debtor's serial filings, the Court recognizes that if it did not impose the 180-day bar to refiling a case, the debtor may receive limited protection from the automatic stay in a future filing. Under the circumstances described in § 362(c)(3) or (c)(4), the duration of the automatic stay may be limited to 30 days or might not go into effect upon the debtor's filing of a new case. The 180-day bar will ensure that the automatic stay will not go into effect to stop collection efforts by creditors.

[37] *Tripati v. Beaman,* 878 F.2d 351, 354 (10th Cir. 1989) (litigant is entitled to notice and an opportunity to oppose the filing restrictions before they are instituted).

16

provided by the automatic stay. Like the debtors in *Winslow* who engaged in abusive and repetitive filings, the fact that Simpson filed her cases *pro* se does not preclude the imposition of filing restrictions.[38]

The restrictions will require that debtor complete her petition, schedules, statement of financial affair (SOFA), and other paperwork accurately, honestly, and consistently before filing a case, preferably with the advice and aid of a bankruptcy attorney. Having filed four cases, it should now be clear to debtor that the Bankruptcy Code requires her to submit to examination under oath at a § 341 meeting of creditors and cooperate with the trustee in order to obtain bankruptcy relief. I find these additional filing restrictions meet the mandate of "carefully tailored restrictions" appropriate under the circumstances,[39] save one. The additional filing restrictions shall run for <u>one</u> year, rather than the UST's requested two years, after expiration of the 180-day bar to filing a bankruptcy case. Accordingly, the Court adopts and imposes the following filing restrictions on debtor, as modified herein, pursuant to § 105(a), its inherent powers to control the litigants and cases before it, and 28 U.S.C. § 1651(a):[40]

**For a one-year period that begins upon the expiration of the 180-**

---

[38] *Winslow v. Hunter (In re Winslow),* 17 F.3d 314, 315 (10th Cir. 1994) (pro se debtors afforded leniency and who abuse the privilege to proceed in forma pauperis may give rise to the imposition of filing restrictions).
[39] *Tripati v. Beaman,* 878 F.2d at 353.
[40] *Armstrong v. Rushton (In re Armstrong),* 309 B.R. 799, 805 (10th Cir. BAP 2004) (recognizing court's inherent power to control litigants' abuse of the court system and repetitive filings as supplemented by § 105(a) and 28 U.S.C. § 1651).

17

**day bar from filing a bankruptcy case, Simpson will be allowed to file a new bankruptcy case through a duly licensed attorney admitted to practice in this Court. If Simpson proceeds without an attorney during this one-year period, she must obtain permission from the Court to file a new case under the following procedures and conditions:**

1. **A motion requesting leave to proceed without an attorney must be filed <u>with</u> the bankruptcy petition. Debtor's sworn affidavit or declaration under penalty of perjury must be attached to the motion requesting leave to proceed without an attorney in which debtor states that she will comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules, all orders of the Court, and that she will attend all scheduled § 341 meetings of creditors and cooperate fully with the trustee. If debtor is filing a bankruptcy case to stop a garnishment, she must also state the name of the garnishing creditor, the amount of debt owed to that creditor, and the date(s) of the garnishment.**

2. **The petition must be complete, and must include fully completed schedules, statement of financial affairs, summary of schedules, verification of creditor matrix, certificate of credit counseling, employee income records, DeBN request form, and statement about debtor's social security number.**

3. **Debtor must submit all of the above documents to the clerk of the bankruptcy court. If the documents are insufficient, the case will be rejected for filing unless and until the Court's filing requirements are met.**

<u>Conclusion</u>

Debtor's bankruptcy case is DISMISSED for cause under § 707(a).

The United States Trustee's request for a dismissal of this case with prejudice under § 349(a) is DENIED.

18

Debtor is ENJOINED under § 109(g)(1) from filing another bankruptcy case for a period of 180 days from the date of entry of this dismissal Order.

Debtor shall be subject to the filing restrictions set forth above for one (1) year following the expiration of the 180-day bar.

# # #